UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
SUSIE ONG, Individually and on Behalf of All : Civil Action No. 1:16-cv-00141-KPF
Others Similarly Situated,                   :
                                             : <u>CLASS ACTION</u>
                   Plaintiff,                :
                                             : **MEMORANDUM OF LAW IN SUPPORT**
       vs.                                   : **OF MOTION OF METZLER AND THE**
                                             : **PENSION TRUST FOR APPOINTMENT**
CHIPOTLE MEXICAN GRILL, INC., M.             : **AS LEAD PLAINTIFF AND APPROVAL**
STEVEN ELLS, MONTGOMERY F.                   : **OF SELECTION OF COUNSEL**
MORAN, and JOHN R. HARTUNG,                  :
                                             :
                   Defendants.               :
                                             :
---------------------------------------------------------------- x

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................3

III. ARGUMENT ...................................................................................................................5

    A. Metzler and the Pension Trust Should Be Appointed Lead Plaintiff .......................5

        1. Metzler and the Pension Trust's Motion Is Timely .....................................5

        2. Metzler and the Pension Trust Have the Largest Financial Interest in the Relief Sought by the Class ..................................................6

        3. Metzler and the Pension Trust Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage .................................................6

            a. Metzler and the Pension Trust Are Typical ....................................7

            b. Metzler and the Pension Trust Are Adequate .................................7

        4. Metzler and the Pension Trust Have Demonstrated Their Commitment to the Efficient Prosecution of This Action ...........................8

    B. The Court Should Approve Metzler and the Pension Trust's Selection of Counsel ..................................................................................................................10

IV. CONCLUSION..............................................................................................................12

## TABLE OF AUTHORITIES

Page

**CASES**

*Bernacchi v. Inv. Tech. Grp., Inc.*,
   No. 1:15-cv-06369 (S.D.N.Y. Oct. 15, 2015) ..................................................................... 8

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
   No. 11-cv-08332-AJS, 2012 WL 1339678
   (N.D. Ill. April 18, 2012) ................................................................................................. 11

*Constr. Laborers Pension Trust of Greater St. Louis v. Autoliv, Inc.*,
   No. 1:13-cv-02546 (S.D.N.Y. Aug. 7, 2013) ..................................................................... 8

*Eshe Fund v. Fifth Third Bancorp*,
   No. 08-cv-421, slip op. (S.D. Ohio Dec. 16, 2008) ........................................................... 9

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
   258 F.R.D. 260 (S.D.N.Y. 2009) ....................................................................................... 8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................... 10

*In re Cendant*,
   264 F.3d 201 (3d Cir. 2001) ........................................................................................ 7, 10

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*,
   529 F. Supp. 2d 644 (S.D. Tex. 2006) ............................................................................. 11

*In re Enron Corporation Securities Litig.*,
   No. H-01-3624 (S.D. Tex.) .............................................................................................. 10

*In re Spectranetics Corp. Sec. Litig.*,
   No. 08-cv-2048, 2009 WL 1663953
   (D. Colo. June 15, 2009) ................................................................................................... 9

*KBC Asset Management NV v. McNamara*,
   No. 13-1854-LPS-CJB, Dkt. 40 (D. Del. Feb. 2, 2015) .................................................. 11

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) ....................................................................................... 6

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ....................................................................................... 9

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78u-4 ............................................................................................................... *passim*

Federal Rules of Civil Procedure
  Rule 23 ............................................................................................................. *passim*

**SECONDARY AUTHORITIES**

H.R. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...................................2, 7, 10

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679.....................................................2

Metzler Investment GmbH ("Metzler") and Construction Laborers Pension Trust of Greater St. Louis (the "Pension Trust") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) appointing Metzler and the Pension Trust as Lead Plaintiff for a proposed Class consisting of all investors who purchased the publicly traded securities of Chipotle Mexican Grill, Inc. ("Chipotle" or the "Company") during the period from February 4, 2015 through January 5, 2016, inclusive (the "Class Period"); and (ii) approving Metzler and the Pension Trust's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed Class.

## I.  INTRODUCTION

Pending before this Court is a securities fraud class action lawsuit (the "Action") filed against Chipotle; M. Steven Ells, the Company's Co-Chief Executive Officer ("Co-CEO") and Chairman; Montgomery F. Moran, the Company's Co-CEO, President, Secretary, and Director; and John R. Hartung, the Company's Chief Financial Officer ("CFO") (collectively, "Defendants").  The complaint in the Action alleges that, during the Class Period, Defendants repeatedly misrepresented key elements concerning the Company's business, operations, management, and the intrinsic value of Chipotle securities, thereby artificially inflating the price of its securities.  When these misrepresentations were revealed to the public, the prices of Chipotle securities fell precipitously.

Metzler and the Pension Trust respectfully submit that, pursuant to the Exchange Act, as amended by the PSLRA, they should be appointed to serve as Lead Plaintiff on behalf of the putative Class.  Metzler and the Pension Trust are sophisticated and experienced institutional

investors with ample resources and capability to oversee complex litigation.  Further, Metzler and the Pension Trust have the largest financial interest of any movant properly before the Court, having suffered losses of $2,072,858, whether calculated on a first-in-first-out ("FIFO") basis or last-in-last-out ("LIFO") basis.  *See* Certifications and Loss Charts, Declaration of David A. Rosenfeld ("Rosenfeld Decl."), Exs. A & B, submitted herewith.

In light of these significant losses, Metzler and the Pension Trust have a large financial interest in prosecuting this case – an interest believed to be greater than that of any competing movant.  Metzler and the Pension Trust also meet the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because Metzler and the Pension Trust's claims are typical of those of absent Class members and Metzler and the Pension Trust will fairly and adequately represent the interests of the proposed Class.  Like the other members of the putative Class, Metzler and the Pension Trust seek recovery of losses incurred as a result of declines in the prices of Chipotle securities.

In a case of this scale, it is essential that any court-appointed lead plaintiff be large and sophisticated enough to play a meaningful role in managing potentially sprawling litigation.  Here, Metzler and the Pension Trust are exactly the type of investors whose participation in securities class actions the PSLRA was meant to foster.  *See* H.R. Rep. No. 104-369 at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685.  Indeed, Metzler and the Pension Trust have significant experience prosecuting securities class actions on behalf of injured investors.  *See* Certifications, Rosenfeld Decl., Ex. A.

Metzler and the Pension Trust have also demonstrated their commitment to working cohesively to efficiently prosecute this action by conferring before this Motion was filed to

establish a clear and well-coordinated litigation strategy for this case.  This plan, as reflected in the accompanying Joint Declaration submitted by Metzler and the Pension Trust, establishes protocols for joint decision-making and close oversight of proposed Lead Counsel.  *See* Joint Declaration of Metzler and the Pension Trust (the "Joint Decl."), Rosenfeld Decl., Ex. C.

Finally, the Court should approve Metzler and the Pension Trust's selection of Robbins Geller and Motley Rice as Lead Counsel for the proposed Class.  The claims of the proposed Class will be best protected by Robbins Geller and Motley Rice who have the expertise and resources necessary to handle litigation of this scale.

## II.      FACTUAL BACKGROUND

Chipotle, together with its subsidiaries, develops and operates fast-casual and fresh Mexican food restaurants.  As of November 10, 2015, it operated approximately 1,900 restaurants, including 17 Chipotle restaurants outside the United States and 11 ShopHouse Southeast Asian Kitchen restaurants.  Chipotle was founded in 1993 and is headquartered in Denver, Colorado.  Its shares trade on the NYSE under the ticker symbol "CMG."

The complaint in the Action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  Specifically, the complaint describes how Defendants made false and/or misleading statements and/or failed to disclose that:  (i) Chipotle's quality controls were not in compliance with applicable consumer and workplace safety regulations; (ii) Chipotle's quality controls were inadequate to safeguard consumer and employee health; and (iii) as a result of the foregoing, Chipotle's public statements were materially false and misleading at all relevant times.

Indeed, during the week of August 18, 2015, approximately 100 patrons and employees of a Chipotle restaurant in Simi Valley, California became ill.  On September 4, 2015, the

Ventura County Environmental Health Division announced that the illnesses were a norovirus outbreak. Health inspectors said that the restaurant in question contained dirty and inoperative equipment, equipment directly linked to the sewer, and other sanitary and health violations. As a result of this news, between August 18 and September 4, 2015, Chipotle stock fell $26.29, or 3.6%, to close at $719.23 on September 4, 2015.

Between August 19 and September 3, 2015, approximately 64 people fell ill after dining at Chipotle restaurants in Minnesota. On September 17, 2015, the Minnesota Department of Health announced that the illnesses were salmonella linked to tomatoes consumed at 22 Chipotle locations. The affected restaurants changed tomato suppliers but did not close. As a result of this news, between August 19 and September 17, 2015, Chipotle stock fell $15.08, or approximately 2%, to close at $730.20 on September 17, 2015.

Later on or around November 1, 2015, Chipotle closed all of its restaurants in Portland, Oregon and Seattle, Washington, following reports of approximately 20 cases of *E. coli* among Chipotle patrons. As a result of this news, Chipotle stock fell $16.23, or approximately 2.5%, to close at $624.00 on November 2, 2015.

Matters worsened on or around December 2, 2015, when more than 140 Boston College students fell ill after dining at a Chipotle restaurant in Brighton, Massachusetts. On December 9, 2015, health officials confirmed that the students had contracted norovirus. As a result of this news, between December 1 and December 9, 2015, Chipotle stock fell $32.73, or roughly 5.6%, to close at $548.01 on December 9, 2015.

Then, on January 6, 2016, pre-market, Chipotle announced that the company was served in December 2015 with a federal grand jury subpoena as party of a criminal investigation tied to the previous summer's norovirus outbreak at the Company's restaurant in Simi Valley. The

- 4 -

investigation is being conducted by the U.S. Attorney's Office for the Central District of California in conjunction with the Food and Drug Administration. On this news, Chipotle stock fell $22.36, or 4.98%, to close at $426.67 on January 6, 2016.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Metzler, the Pension Trust, and other Class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. Metzler and the Pension Trust Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Metzler and the Pension Trust meet these requirements and should therefore be appointed as Lead Plaintiff.

#### 1. Metzler and the Pension Trust's Motion Is Timely

The notice published in this action on January 8, 2016 advised class members of (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and

(iv) the right to move the Court to be appointed as lead plaintiff by March 8, 2016.  *See* Rosenfeld Decl., Ex. D.  Because Metzler and the Pension Trust's motion is timely filed, they are entitled to be considered for appointment as Lead Plaintiff.

### 2. Metzler and the Pension Trust Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Metzler and the Pension Trust expended more than $14.4 million purchasing 25,000 shares of Chipotle securities on the NYSE, and suffered losses of approximately $2.07 million, whether calculated on a FIFO or LIFO basis.  *See* Certifications and Loss Charts, Rosenfeld Decl., Exs. A, B.  To the best of their counsel's knowledge, there is no plaintiff with a larger financial interest than Metzler and the Pension Trust.  Therefore, Metzler and the Pension Trust satisfy the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Metzler and the Pension Trust Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23."  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.) (internal quotation marks omitted).  Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Id.* at 173-74.  Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are

antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." *Id.* at 174.

### a.     **Metzler and the Pension Trust Are Typical**

Metzler and the Pension Trust purchased a substantial amount of Chipotle securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages when the truth leaked into the market. Metzler and the Pension Trust's claims therefore arise from the same course of events as those in the complaint. *See id.* at 174. Accordingly, Metzler and the Pension Trust satisfy the typicality requirement.

### b.     **Metzler and the Pension Trust Are Adequate**

First, there is no conflict between Metzler, the Pension Trust, and the Class. Both Metzler and the Pension Trust, as well as the Class, seek to recover losses caused by the Defendants' fraud. Second, as explained below, Metzler and the Pension Trust have selected highly qualified firms with significant experience prosecuting class action lawsuits under the federal securities laws to serve as Lead Counsel for the Class.

In addition to satisfying the requirements of Rule 23, Metzler and the Pension Trust are precisely the type of investors Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA. *See In re Cendant*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff") (quoting H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

Metzler is a large and sophisticated institutional investor with headquarters in Frankfurt, Germany. Metzler has served as a lead plaintiff in other securities actions and its experience will benefit the Class. *See* Metzler Certification, Rosenfeld Decl., Ex. A. Metzler's familiarity with

the PSLRA's requirements is derived from, among other things, its appointment as Lead Plaintiff in *Bernacchi v. Inv. Tech. Grp., Inc.*, No. 1:15-cv-06369 (S.D.N.Y. Oct. 15, 2015). *See* Lead Plaintiff Appointment Orders, Rosenfeld Decl., Ex. G.

The Pension Trust is a multi-employer pension fund with more than $500 million in assets. It has served as a lead plaintiff in other securities actions and its experience will benefit the Class. *See* Pension Trust Certification, Rosenfeld Decl., Ex. A. The Pension Trust's familiarity with the PSLRA's requirements is derived from, among other things, its appointment as Lead Plaintiff in this District in *Constr. Laborers Pension Trust of Greater St. Louis v. Autoliv, Inc.*, No. 1:13-cv-02546 (S.D.N.Y. Aug. 7, 2013). *See* Lead Plaintiff Appointment Orders, Rosenfeld Decl., Ex. G. On October 29, 2014, the court in that action issued an order granting final approval of a settlement resolving all claims in exchange for $22.5 million for the benefit of the class.

Thus, Metzler and the Pension Trust possess significant experience leading securities class actions under the PSLRA. Moreover, Metzler and the Pension Trust are not subject to impediments or unique defenses and there is no evidence that they seek anything other than the greatest recovery for the Class consistent with the merits of the claims. As such, Metzler and the Pension Trust satisfy the typicality and adequacy requirements at the lead plaintiff stage.

### 4. Metzler and the Pension Trust Have Demonstrated Their Commitment to the Efficient Prosecution of This Action

Metzler and the Pension Trust have demonstrated their commitment to working cohesively in the prosecution of this Action by executing the Joint Declaration. *See* Rosenfeld Decl. Ex. C; *see, e.g.*, *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) ("[D]emonstrated cooperation among plaintiffs, particularly plaintiffs that are sophisticated institutional investors, satisfies concerns about designating groups as lead

- 8 -

plaintiffs that are in fact dominated by counsel."); *In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-2048, 2009 WL 1663953, at *6 (D. Colo. June 15, 2009) (appointing group of investors as lead plaintiff because "the certifications and declarations submitted by the members of the [group] demonstrate that [the group members] can and will work together to oversee the litigation, and to monitor the work of counsel"); *Eshe Fund v. Fifth Third Bancorp*, No. 08-cv-421, slip op. at 9 (S.D. Ohio Dec. 16, 2008) (appointing group of investors who "presented sufficient information [in a joint declaration] to show that they are willing to work together in the best interests of the proposed class").

The Joint Declaration advises the Court of Metzler and the Pension Trust's ability and inclination to oversee the litigation, expected meetings with each other and the counsel they selected, and their procedures and protocols for decision-making. *See* Joint Decl., Rosenfeld Decl., Ex. C. Metzler and the Pension Trust have conferred with each other and counsel in connection with the filing of their joint motion for lead plaintiff, and to discuss management of the litigation. *See id.* at ¶¶6-8. Importantly, Metzler and the Pension Trust, not their counsel, decided to file a joint motion for appointment as lead plaintiff. *See id.* at ¶6. Moreover, after agreeing to file their joint lead plaintiff motion, Metzler and the Pension Trust established appropriate protocols for managing the litigation with each other and counsel to ensure this litigation proceeds efficiently, effectively, and in a non-duplicative manner in accordance with the best interests of the proposed Class. *See id.*, ¶8. Thus, the Court can be assured that Metzler and the Pension Trust will effectively monitor and direct their counsel.

The PSLRA is clear that once the court determines that the movant with the largest financial interest is adequate and typical, it should appoint that movant as lead plaintiff. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004). Because they have

established that they have the largest financial interest in the relief sought by the Class and satisfy the requirements of Rule 23, the Court should appoint Metzler and the Pension Trust as Lead Plaintiff.

### B. The Court Should Approve Metzler and the Pension Trust's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts "should generally employ a deferential standard in reviewing the lead plaintiff's choices," including with respect to selection of counsel. *Cendant*, 264 F.3d at 274. A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class." H.R. Rep. No. 104-369 (1995), at *35, *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Metzler and the Pension Trust have selected Robbins Geller and Motley Rice, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Robbins Geller, with nearly 200 lawyers in offices nationwide, including in this District, is actively engaged in complex litigation, particularly securities litigation. *See* Rosenfeld Decl., Ex. E. Indeed, Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corporation Securities Litig.*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities . . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006). Robbins Geller has also achieved numerous substantial recoveries in this District on behalf of shareholders, including recently in *Landmen Partners Inc. v. Blackstone Group, L.P.*, No. 08-cv-03601-AC-FM (S.D.N.Y.) ($85 million recovery); *City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*, No. 09-cv-08633-JGK (S.D.N.Y.) ($26 million recovery); and *City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, No. 11-cv-05026-JSR (S.D.N.Y.) ($19.5 million recovery).

Likewise, Motley Rice has substantial experience in the prosecution of shareholder and securities class actions. As the court in *KBC Asset Management NV v. McNamara*, No. 13-1854-LPS-CJB, Dkt. 40 (D. Del. Feb. 2, 2015), recently noted in its memorandum opinion on the appointment of Motley Rice as lead counsel in a shareholder derivative action, the firm is "comprised of attorneys who possess extensive experience as lead or co-lead counsel in complex litigation, and who have successfully represented shareholders in class and derivative actions." *Id.* at 13; s*ee also* Rosenfeld Decl., Ex. H; *see also* Ex. F.

Moreover, Robbins Geller and Motley Rice have substantial experience working together as lead counsel. For example, the firms were previously selected by a movant group, and approved by the court, to serve as co-lead counsel in *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 11-cv-08332-AJS, 2012 WL 1339678 (N.D. Ill. April 18, 2012). On August 5, 2014, the court in that action issued an order granting final approval of a settlement resolving all claims in exchange for $60 million for the benefit of the class. The Court may be

assured that if this Motion is granted, the members of the proposed Class will receive the highest caliber of legal representation available.

## IV.  CONCLUSION

For the foregoing reasons, Metzler and the Pension Trust respectfully request that the Court:  (i) appoint Metzler and the Pension Trust as Lead Plaintiff pursuant to the PSLRA; and (ii) approve Metzler and the Pension Trust's selection of Robbins Geller and Motley Rice to serve as Lead Counsel for the proposed Class.

DATED:  March 8, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ANDREW L. SCHWARTZ

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
aschwartz@rgrdlaw.com

MOTLEY RICE LLC
JAMES M. HUGHES
GREGG S. LEVIN
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
glevin@motleyrice.com

*[Proposed] Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that on March 8, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

*s/ David A. Rosenfeld*
David A. Rosenfeld
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
Email: drosenfeld@rgrdlaw.com